# STATE OF VERMONT

# ENVIRONMENTAL COURT

Appeals of Wesco, Inc. (Re:
169 Washington Street, Barre)
}
}
}
}
}
}
Docket Nos. 209-12-97 Vtec, 215-9-00
Vtec,222-9-00 Vtec, 175-10-01 Vtec, 24-
1-02 Vtec, and 256-11-02

## Decision and Order on Pending Motions

Appellant is represented by Jon Anderson, Esq. and William Simendinger; the City is represented by Oliver L. Twombly, Esq. Interested persons Marjorie Sichel, Eugene Clermont, and Percy Labor represent themselves and have not filed memoranda on the pending motions. The trial on the merits of the above-captioned matters[1] was scheduled on October 3, 2002 to be heard on December 12 and 13, 2002. The City moved on November 20, 2002 to continue that trial date. The motion to continue will be considered at a telephone hearing already scheduled to be held tomorrow, December 3, 2002, at 9 a.m., so that the parties will have received this present order before making their arguments on that motion.

In an earlier decision on partial summary judgment issued on August 7, 2002, the Court ruled on a number of summary judgment issues. In its present motions for summary judgment filed on October 30, 2002 and November 20, 2002, the City essentially asks the Court to reconsider its August 7, 2002 ruling on one point, and asks the Court to invalidate the ordinance section on which Appellant relies for its applications, in light of the Supreme Court's decision in Appeal of Richards, Docket No. 2001-086 (Vt. Supreme Ct., Sept. 20, 2002). The City also has moved to dismiss Appellant's appeals on the basis that the use of the facility for the dispensing of gasoline was discontinued for more than six months. The City also has moved in limine to preclude Appellant from introducing evidence on issues which the City believes should be concluded on summary judgment or by the motion to dismiss.

The undisputed facts stated in the August 7, 2002 decision are incorporated by reference, and will not be repeated here.

First, the City asks the Court to reverse its August 7, 2002 holding that conversion of the use of the building from automobile service use to convenience store use should be analyzed as an application for a conditional use, in addition to determining whether changes to the gasoline service aspects of the proposal meet the standards of the ordinance for alterations to a preexisting nonconforming use. This Court declines to reverse its August 7, 2002 decision. Rather, in that decision this Court carefully examined this issue and its relation to the Supreme Court's memorandum decision in Simendinger v. City of Barre, 171 Vt. 648 (2001). (See this Court's August 7, 2002 decision, at pages 7 through 10, and in particular at page 9.) A proposal that falls into more than one use category, such as the present proposal, must obtain approval under each and every use category for which it may qualify.

Second, leaving aside the question of whether a municipality has standing to request a court to invalidate that municipality's own ordinances, we will examine whether the Supreme Court's recent decision in Appeal of Richards, Docket No. 2001-086 (Vt. Supreme Ct., Sept. 20, 2002) has any implications for those sections of the City's zoning ordinances at issue in the present proceedings. We conclude that it does not. In Richards, the Supreme Court decided that 24 V.S.A. § 4406(a) requires merger of adjacent affiliated lots if one of them is undersized, regardless of whether the municipality wished to allow them to be separately developed. In the present case, only a single lot is at issue and there is no question of merger at all.

Rather, the City seeks to extend the Richards reasoning from a mandatory section of the state zoning enabling statute to a discretionary section of the state zoning enabling statute. Unlike 24 V.S.A. § 4406, the section of state statute allowing municipalities to regulate preexisting, nonconforming uses allows municipalities more discretion is designing the provisions of their zoning ordinances. Section 4408 provides that "municipalities may regulate and prohibit expansion and undue perpetuation" of nonconforming uses. If the statute meant to require municipalities to prohibit all expansion and all perpetuation of nonconforming uses, it could have so stated. However, even though an important purpose of zoning is to phase out nonconforming uses, municipalities are entitled to (and may be constitutionally required to) balance that phasing out against the landowners' rights to continue uses of property that were legal when the zoning requirements went into effect. Municipalities may therefore regulate as well as prohibit such uses. The City's ordinance specifically states that policy choice in § 5.1.04: "to maintain the property rights of a parcel of land which has a nonconforming use or noncomplying structure, while at the same time protecting the property rights of the surrounding neighborhood."

Thus, the state statute allows, but does not require, a municipality to control resumptions of nonconforming uses if abandoned for any period of time or if discontinued (regardless of intent to abandon) for six months. That is, a municipality may entirely prohibit resumption of an abandoned nonconforming use, but may not prohibit resumption of a nonconforming use discontinued for a period of less than six months. But as the municipality is not required to have an ordinance section regulating discontinuance or abandonment of nonconforming uses at all, it is free to set the time period for discontinuance at a period greater than six months, as the City's ordinance has done.

The Applicant is entitled to present evidence that the proposed canopy meets the standards in the City's ordinance for an alteration to a noncomplying structure. The question of whether it does or does not meet those standards is one for trial. The Applicant is entitled to present evidence of the period of time and reasons for its discontinuance of gasoline sales, and to show whether it met the standards in the City's ordinance for a permissible discontinuance. The question of whether it does or does not meet those standards is one for trial.

Accordingly, the City's motions for summary judgment and Wesco's request for summary judgment on the lot size issue are DENIED, the City's motion to dismiss due to a period of discontinuance of gasoline sales is DENIED and the City's related motions in limine are also DENIED. We will expect the parties to present evidence at trial, whenever it occurs, on all the factual issues remaining in dispute. We have scheduled a telephone hearing at 9:00 a.m. on December 3, 2002, to rule on the City's motion to continue the trial now scheduled for

December 12 and 13, 2002. Please note that the parties must call the access number shown on their notice of hearing to be included in the conference.

Done at Barre, Vermont, this 2nd day of December, 2002.

_____
Merideth Wright
Environmental Judge

## Footnotes

1.	An additional case not consolidated with the above cases, Docket No. 150-9-01Vtec, involves issues regarding whether the automobile service component of this operation was abandoned.